MARY GRANT, RESPONDENT, *v.* UNION PACIFIC RAILWAY COMPANY, APPELLANT.

WITNESS.—FEES.—CLAIMING ATTENDANCE.—Section 5447, Compiled Laws of Utah, 1888, providing that witness fees shall not be taxed unless the witness appear before the clerk within two days after the trial and claim his fees, gives to any witness who has appeared without his fees and mileage being paid in advance, a personal right to have his fees and mileage taxed in his favor as a part of the costs in the case, provided he appears and claims them within two days, and if he does not so appear, they will be deemed to have been waived.

ID.—ID.—MEMORANDUM OF COSTS.— Under Section 3965, Compiled Laws, 1888, the party who has paid the fees and mileage of his witnesses is entitled to have the same taxed and included in the judgment, and it is not necessary that the witnesses who have already been paid should appear before the clerk within two days, and claim their fees and mileage.

APPEAL from an order of the district court of the first district refusing to retax costs. The opinion states the facts.

*Mr. Parley L. Williams* and *Mr. Waldemar Van Cott* for the appellant.

*Mr. Thomas Maloney* for the respondent.

ANDERSON, J.:

The plaintiff recovered judgment in the court below against the defendant for $60.40, and for the costs and disbursements in this action, and on the same day the

attorney of record of plaintiff filed with the clerk of the district court a memorandum of her costs and disbursements therein, duly verified, and served a copy of the same on defendant's attorney on the following day. The defendant moved the court to tax the costs, and to strike out of the memorandum of costs filed by the plaintiff the fees of plaintiff's witnesses, upon the ground that said witnesses had not appeared before the clerk and claimed their fees within two days after the trial, as required by Section 5447, Comp. Laws, 1888; also assailing by said motion other items of said cost-bill. The court overruled the motion, and the defendant brings its appeal to this court.

The only error of the court below noticed by appellant's counsel in the argument in this court was the overruling of defendant's motion to strike out of plaintiff's cost-bill the items for witness fees; therefore we will not consider the other items of said cost-bill assailed by said motion. By the act of February 20, 1874, of the legislature of Utah territory, "to regulate fees and compensation of official and other services," found on pages 804 to 810 of the Compiled Laws of 1888, it is provided as follows, to wit: "Sec. 5439. Be it enacted, etc., that the fees and compensation of the several officers and persons herein named shall be as follows:     *     *     *     *     *     Of Witnesses. Sec. 5447. For each day's attendance before a justice of the peace, $1.00; before any other courts of this territory, $1.50; mileage one way only from his place of residence to the place of holding court, per mile, $.20: provided, witness fees shall in every instance not be taxed unless the witness appear before the clerk within two days after the trial and claim his fees; and further provided, that no witness shall be compelled to attend any court in civil cases unless he shall receive, in advance from the party subpœnaing him, mileage and his fee for one day's attendance, and shall not be required to remain in court longer than one day, unless he is paid in advance for each day's attendance." This statute gives to any witness who may appear in any court of this territory, without having received in advance from the party subpœnaing him his

legal fees and mileage, a personal right to have the same taxed in his favor as part of the costs in the case, provided he appears before the clerk within two days after the trial and makes claim thereto. If he fails to appear within said time, and claim his fees, they cannot be taxed as costs, and will be deemed waived. This section was not repealed by, nor is it inconsistent with the provisions of, Chapter 6, Tit. 14, Compiled Laws, 1888. The pro visions of said chapter, passed in 1884, were intended to cover the whole subject of court costs, as affecting parties to actions. It is provided (2 Comp. Laws, Sec. 3695) that "the party in whose favor judgment is rendered, and who claims his costs, must deliver to the clerk, and serve a copy upon the adverse party within five days after the verdict or notice of the decision of the court as referee, or, if the entry of the judgment on the verdict or decision be stayed, then before such entry be made, a memorandum of the items of his costs and necessary disbursements in the action or proceeding, which memorandum must be verified by the oath of the party, or his attorney or agent, or by the clerk of his attorney, stating that to the best of his knowledge and belief the items are correct, and that the disbursements have been necessarily incurred in the action or proceding." The plaintiff complied with the statute, and was not required to do more, and it was not disputed that plaintiff had paid the witnesses the amounts charged therefor in her cost-bill. Having paid her witnesses their mileage and fees, she was entitled to have the same taxed and included in the judgment, and it was not necessary, in order to enable her to recover the same, that her witnesses, who had already been paid, should appear before the clerk and demand their fees. Affirmed.

ZANE, C. J., and JUDD, J., concurred.