SAMUEL MARTE, APPELLANT, *v.* OGDEN CITY STREET RAILWAY COMPANY, RESPONDENT.

CONSTITUTIONAL LAW.—RIGHTFUL SUBJECT OF LEGISLATION.—FEES AND COSTS.—Under the grant of power in the organic act the territorial legislature has the right to legislate upon the subject of fees of witnesses and attorneys and costs in cases tried in the district courts of the territory, when not exercising the powers of circuit and district courts of the United States.

STATUTORY CONSTRUCTION.—FEE-BILLS.—TERRITORIAL LAW.—When the district courts of the territory are hearing cases to which the United States is a party or over which the courts of the United States have exclusive jurisdiction, the fee-bill of the United States controls, in other cases the fee-bill provided by the territorial legislature controls.

ID.—FEE-BILLS.—POLAND BILL.—The United States fee-bill is not extended over Utah Territory by section 7 of the Poland Bill, extending the act fixing fees over the Territory of Utah and applying it to the fees of like officers in the Territory of Utah.

*Grant* v. *Railway Co.,* 6 Utah, 270, affirmed.

APPEAL from an order retaxing costs of the district court of the fourth district, Hon. James A. Miner, judge.

*Messrs. Maloney and Perkins,* for the appellant.

*Messrs. Evans and Rogers,* for the respondent.

ZANE, C. J.:

This is an appeal by the plaintiff from a judgment of the court below against the defendant on a verdict for $50 and for $60 costs.

On motion of the defendant the court taxed the costs according to the fee-bill enacted by the territorial legisla-

ture and disallowed the fees of four witnesses amounting to $17.70 because they had not appeared before the clerk within two days after the trial and claimed their attendance.

To this ruling of the court the plaintiff excepted and he assigns the same as. error.

The plaintiff claims that court erred in taxing the costs under the territorial statute, that they should have been taxed according to the fee-bill of the United States, and further that the court erred in disallowing the fees of the witnesses who did not claim them within two days, even though they should have been taxed under the territorial law.

The federal law does not require the witnesses to claim their fees within two days after the trial, while the territorial law in terms does.

The legislative authority of the territory extends to all rightful subjects of legislation consistent with the constitution of the United States and with United States laws relating to the territory.

The compensation of officers and witnesses for services performed is a rightful subject of legislation. And the laws of the territory designating the fees of officers, jurors, and witnesses for duties or services rendered under laws enacted by the territorial legislature are consistent with the constitution of the United States. Are they in conflict with the laws of the United States? Stating the proposition more definitely, has congress applied the United States fee-bill to the compensation of such officers when executing process, or witnesses when serving, in cases to which the United States is not a party, or of which it would not have exclusive jurisdiction if the territory was a state?

Section 5422, R. S. U. S., declares that "the following and no other compensation shall be taxed and allowed to attorneys, solicitors and proctors in the courts of the United States, district attorneys, clerks of the circuit and district

courts, marshals, commissioners, witnesses, jurors and printers in the several states and territories."

The language refers to attorneys and solicitors practicing in the courts of the United States and to the officers mentioned when discharging duties imposed by the laws of the United States and to jurors serving in and attending upon courts of the United States. It has no application to the compensation of state officers or to attorneys or solicitors or to jurors or witnesses attending upon or practicing or serving upon state courts therein.

The lines separating national and state powers are drawn by the national constitution and laws and by state constitutions and laws.

The right of the United States to acquire territory carries with it the power to govern the people found upon it. The federal government, however, has employed this right directly to govern the people of the organized territories, but little further than it was authorized under the constitution and laws of the United States to make and apply its laws to the people of the United States in the various states, or in other words to the people of the states.

The national government has made provision for a territorial government in Utah, and has delegated to it a very large portion of powers similar to those exercised by state governments over their people.

While this territorial organization is not a sovereignty, its authority to make laws, as we have stated, extends to all rightful subjects of legislation consistent with the federal constitution and the laws of the national legislature. And the will of the people of the territory expressed by their legislature in laws has the same effect upon the people that the will of the people of a state expressed through its legislature has upon its people by similar laws.

National laws emanate from the people of the United States and are expressed by congress, while territorial laws proceeded from the people of the territory and are expressed by their legislature.

The federal government prescribes duties and requires the services of its citizens as officers, jurors and witnesses and in its fee-bill fixes their compensation; and the territorial government prescribes duties and requires the services of its residents as officers, jurors or witnesses and in the territorial fee-bill in question has fixed their compensation. But the United States marshals and prosecuting attorneys, clerks of the supreme and district courts in the territories discharge duties under the laws of the United States and under the territorial government as well, and the courts of the latter have jurisdiction of and try cases under both federal and territorial laws.

. It would appear that such officers, jurors and witnesses when discharging duties and services under United States laws should be compensated according to the United States fee-bill and, when discharging duties and services under territorial laws, should be compensated according to the territorial fee-bill.

It is claimed, however, that the federal fee-bill is made applicable to both classes of service—that is to say, when such officers, jurors or witnesses are employed under the territorial laws as well as when employed under those of the United States, by the following provision of section 7 of an act of congress in force June 23, 1874: "The act of the congress of the United States, entitled 'An act to regulate the fees and costs to be allowed clerks, marshals, and attorneys of the circuit and district courts of the United States, and for other purposes,' approved February twenty-sixth, eighteen hundred and fifty-three, is extended over and shall apply to the fees of like officers in said Ter-

ritory of Utah." C. L. Utah 1888, vol. 1, sec. 7, p. 107 ("Poland Bill"); sec. 7, c. 469, Supp. Rev. S. U. S.

The language is that the act of congress regulating the fees of United States officers, and of jurors and witnesses serving in federal courts "is extended over and shall apply to the fees of like officers in said Territory."

Does this language evince an intention to apply the act of congress mentioned to the compensation of the officers mentioned when discharging duties under the Territory and to the compensation of attorneys and solicitors and jurors and witnesses when practicing or serving or attending in cases under territorial laws? It is not unreasonable to assume that in extending to the Territory the laws of congress establishing fees, the intention was that it should have like effect therein as in the states, and that the expression "fees of like officers" should be held to mean the fees of like officers for like services.

No mention is made of compensation for duties discharged or services rendered under the territorial law, or of the fee-bill thereof then in force. We hold that the federal fee-bill should be limited in its application to the compensation of United States officers for services discharged under United States laws, and not to services discharged under territorial laws; and to the compensation of attorneys and solicitors when practicing, and jurors and witnesses when serving or attending in cases to which the United States is a party, and of which the United States courts in the states have exclusive jurisdiction, and that their services or attendance in all other cases should be compensated according to the territorial fee-bill.

As to the second error assigned, we are of the opinion that the provision of the territorial fee-bill, which disallows fees to witnesses who do not attend before the clerk within two days after the trial and claim their attendance, is valid, and that the court did not err in so holding.

In this we do not wish to be understood as holding that a successful party who pays his witnesses and includes the amount paid in his itemized bill of costs, duly verified, and files it, as required by the statute, within the time prescribed, may not have it included in his judgment, though the witnesses may not have appeared before the clerk within two days after the trial, and may not have demanded their fees.

The case of *Grant* v. *Railway Co.*, 6 Utah, 270, is affirmed. We find no error in this record. Judgment affirmed.

BARTCH, J., and SMITH, J., concurred.